UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LINDA KOEHLER MESSINA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| BARBARA DUNBAR HAILEY, | § | |
| PLANNED MARKETING | § | |
| ASSOCIATES, INC., | § | CIVIL ACTION NO. |
| | § | |
| Defendants, | § | SA-07-CV-0469 OG (NN) |
| ************************************** | § | |
| BARBARA DUNBAR HAILEY, | § | |
| | § | |
| Counter-Plaintiff, | § | |
| v. | § | |
| | § | |
| LINDA KOEHLER MESSINA, | § | |
| | § | |
| Counter-Defendant. | § | |

**ORDER CONCERNING PENDING MOTIONS (##11, 12, 13 and 15)**

This order addresses the two pending motions in this case. In the first motion to dismiss,[1] defendant Barbara Dunbar Hailey asked the court to dismiss plaintiff Linda Koehler Messina's amended complaint because it does not establish the court's subject matter jurisdiction. Hailey complained that the amended complaint does not show that the Copyright Office has received Messina's application, deposit and fee for a copyright for children's books at issue in this dispute.

Section 411(a) of title 17, United States Code, establishes a jurisdictional prerequisite that "no action for infringement of the copyright . . . shall be instituted until registration of the

---

[1]Docket entry # 11.

copyright claim . . .,"[2] but "a plaintiff who files a copyright infringement lawsuit before registering with the Copyright Office may cure the § 411 defect by subsequently amending or supplementing its complaint once it has registered the copyright."[3]  In response to Hailey's motion, Messina asked to amend her complaint to cure any jurisdictional defect and presented a copy of her certificates of registration from the Copyright Office.  The certificates show that Messina's applications were received by the Copyright Office and that Messina paid the required deposits and fees.  The receipt of Messina's applications and the payment of required deposits and fees established the jurisdiction of the court and effectively mooted Hailey's motion to dismiss.  To ensure that subject matter jurisdiction is apparent from the face of the complaint, I GRANT Messina's request to amend her complaint (docket entry # 12) and STRIKE Hailey's motion to dismiss (docket entry # 11) as moot.  Messina must amend her complaint to affirmatively reflect the subject matter jurisdiction by March 24, 2008.

In the second motion to dismiss,[4] Messina asked the court to dismiss Hailey's counterclaim for attorney's fees under 17 U.S.C. § 505.  Messina explained that section 505 does not create a right of action, but instead gives the court discretion to award attorney's fees in copyright cases.  In response, Hailey explained that her counterclaim was intended to place Messina on notice that she seeks attorney's fees and asked the court to permit her to amend her complaint in order to clarify her intention.  Although Hailey's proposed amended complaint includes a new counterclaim for declaratory judgment that she is the sole author of the books in

---

[2] 17 U.S.C. § 411(a).

[3] *Positive Black Talk v. Cash Money Records*, 394 F.3d 357, 365 (5th Cir. 2004).

[4] Docket entry # 13.

dispute and that she has an irrevocable license to use Messina's illustrations, Hailey asked to amend her complaint before the deadline for amending pleadings.[5]  Because Messina has indicated that she does not oppose the amended pleading[6] and because Hailey's request was made before the deadline for amending pleadings, I GRANT Hailey's motion to amend (docket entry # 15).  The clerk of the court shall file the document attached to Hailey's response to Messina's motion to dismiss as an amended answer and counterclaim, as of the date this order.  Because the filing of an amended counterclaim effectively moots the relief sought by Messina's motion to dismiss, I STRIKE the motion to dismiss (docket entry # 13) as moot.

**SIGNED** on March 11, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[5] Docket entry # 19, ¶ 4.

[6] *See* docket entry # 21, p. 2.